|  |  | HEARING DATE: |
|---|---|---|
| FINAL FEE APPLICATION OF DEWEY & LeBOEUF LLP AND APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 1, 2009 THROUGH MARCH 26, 2010 | | May 11, 2010 at 10:00 a.m. |

```
UNITED STATES BANKRUPTCY COURT          Chapter 11           NAME OF APPLICANT:
SOUTHERN DISTRICT OF NEW YORK                                Dewey & LeBoeuf LLP
- - - - - - - - - - - - - - - - - - - - - - - - - - - x     Case Nos.
                                            :
                                            :    00-10922 (BRL)
In re:                                      :    00-10921 (BRL)
MANHATTAN INVESTMENT FUND LTD,              :
            et al.,                         :
                                            :
            Debtors.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

ROLE IN CASE:
Counsel to Official Committee of Unsecured Creditors

| | |
|---|---|
| Fees Previously Requested | $1,736,186.00 |
| Fees Previously Awarded: | $1,736,186.00 |
| Expenses Previously Requested: | $191,202.10 |
| Expenses Previously Awarded: | $191,202.10 |
| Retainer Paid: | $ -0- |

**CURRENT APPLICATION:**
**Fees Requested through March 26, 2010:** $11,095.00
**Estimate for Final Fee Application:** $3,500.00

**Total Fees Requested:** $14,095.00
**Expenses Requested:** $ 898.79

| Names of Professionals/ Paraprofessionals | Year Admitted to Practice | Hours Billed: Current Application | Rate | Total For Application |
|---|---|---|---|---|
| **Partners and Associates** | | | | |
| Ivanick, P. | 1984 | 7.00 | 825 | 5,775.00 |
| Ivanick, P. | 1984 | 3.00 | 850 | 2,550.00 |
| Lebwohl, A. | 2008 | 2.70 | 475 | 1282.50 |
| Lebwohl, A. | 2008 | 2.20 | 500 | 1100.00 |

| Names of Professionals/ Paraprofessionals | Year Admitted to Practice | Hours Billed: Current Application | Rate | Total For Application |
|---|---|---|---|---|
| **Paralegals** | | | | |
| Saal, L... | N/A | 1.10 | 225 | 247.50 |
| Sonkin, J. | N/A | .80 | 175 | 140.00 |
| **TOTAL** | | **16.80** | | **11,095.00** |

**TOTAL BLENDED HOURLY RATE: $719**
**(Excluding Paraprofessionals)**

| UNITED STATES BANKRUPTCY COURT | HEARING DATE: |
| FOR THE SOUTHERN DISTRICT OF NEW YORK | May 11, 2010 |
| ------------------------------------------------x | at 10:00 a.m. |

In re　　　　　　　　　　　　　　　　　　　　　　　　　：

　　　　　　　　　　　　　　　　　　　　　　　　　　　：　　Case Nos.

　　　　MANHATTAN INVESTMENT FUND, LTD.,　　：

　　　　et al.,　　　　　　　　　　　　　　　　　　　　　　　：　　00-10922 (BRL)

　　　　　　　　　　　　　　　Debtors.　　　　　　　　　：　　00-10921 (BRL)

------------------------------------------------------------------x

# FINAL FEE APPLICATION OF DEWEY & LeBOEUF LLP
# AND APPLICATION FOR ALLOWANCE OF COMPENSATION
# AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
# FROM FEBRUARY 1, 2009 THROUGH MARCH 26, 2010

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

　　　　　Dewey & LeBoeuf LLP ("Dewey & LeBoeuf") (formerly known as LeBoeuf, Lamb, Greene & MacRae LLP), counsel to the Official Committee of Unsecured Creditors (the "Committee") of Manhattan Investment Fund Ltd. (the "Fund") and Manhattan Capital Management, Inc. ("MCM"; together with the Fund, the "Debtors"), hereby makes this application (the "Application") pursuant to section 330 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2016, for final allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred in connection therewith from the inception of Dewey & LeBoeuf's representation of the Committee through the effective date of the liquidating plan herein, including allowance of previously unpaid compensation for professional services rendered and

reimbursement of actual and necessary expenses for the period from November 1, 2009 through March 26, 2010. In support of the Application, Dewey & LeBoeuf respectfully represents as follows:

**BACKGROUND**

1. The Fund was incorporated in 1995 under the laws of the British Virgin Islands, and commenced operations in Bermuda in 1996. The Fund, which was marketed primarily to foreign investors, followed an investment strategy of selling short on stock traded on U.S. stock exchanges and quoted on NASDAQ. The Fund's affairs were managed by Michael Berger and MCM. Fund Administration Services (Bermuda) Ltd. ("FASB") was engaged as the Fund's administrator, and Deloitte & Touche (Bermuda) ("D&T") was retained as its auditor.

2. In January, 2000, following concerns regarding the accuracy of information provided regarding the Fund's performance and value, FASB resigned as the Fund's administrator, and D&T withdrew its unqualified audit opinions on the Fund's financial statements for calendar years 1996 through 1998.

3. On January 31, 2000, the Bermuda Registrar of Companies petitioned the Supreme Court of Bermuda for the winding-up of the Fund. On the same day, the Supreme Court of Bermuda appointed Malcolm Llewelyn Butterfield and Anthony McMahon of KPMG Bermuda and England, respectively, as the joint provisional liquidators (the "JLs") of the Fund. The Supreme Court of Bermuda made a Winding-Up Order in respect of the Fund, and confirmed the appointment of the JLs on March 15, 2000.

4. On February 17, 2000, the JLs petitioned the High Court of Justice of the

British Virgin Islands for the winding-up of the Fund. The High Court of Justice of the British Virgin Islands made a Winding-Up Order in respect of the Fund and appointed the JLs as joint liquidators of the Fund on March 28, 2000.

5. On March 7, 2000 (the "Petition Date"), each of the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to an order of the Court dated March 8, 2000, the Debtors' cases are being jointly administered for procedural purposes only.

6. On April 10, 2000, this Court entered an order appointing Helen Gredd, Esq. as chapter 11 trustee (the "Chapter 11 Trustee") for the Debtors. The United States Trustee appointed the Committee pursuant to Bankruptcy Code section 1102 on the same day.

7. By order dated May 23, 2000, the Committee was authorized to retain LeBoeuf, Lamb, Greene & MacRae, LLP ("LeBoeuf") as its counsel, nunc pro tunc to May 5, 2000, on the terms set forth in the application in support thereof.

8. On October 1, 2007, the partners of Dewey Ballantine LLP were admitted as partners in LeBoeuf and LeBoeuf changed its name to Dewey & LeBoeuf LLP.

9. On February 25, 2010, this Court confirmed a liquidating plan (the "Plan") in these cases. The Plan was effective as of March 26, 2010 (the "Effective Date"). On the Effective Date, Helen Gredd, Esq. became the liquidating trustee (the "Liquidating Trustee") pursuant to the Plan.

**RELIEF REQUESTED**

10. By this Application, Dewey & LeBoeuf seeks: (i) allowance of

compensation for professional services rendered by Dewey & LeBoeuf as attorneys for the Committee for the period from November 1, 2009 through March 26, 2010 (the "Final Compensation Period") in the amount of $11,095.00, representing 16.80 hours of professional services; (ii) reimbursement of actual and necessary costs and expenses incurred by Dewey & LeBoeuf LLP during the Final Compensation Period in the amount of $898.79; (iii) allowance of $3500 in estimated fees and expenses incurred or to be incurred in connection with preparation of this Application and attendance at the hearing thereon (the "Estimated Fees"); and (iv) final allowance of all fees and expenses previously awarded and paid on an interim basis together with the Estimated Fees and fees and expenses awarded in connection with the Final Compensation Period.

12. Annexed hereto as Exhibit "A" is a summary of the partners, associates and paraprofessionals who performed services on behalf of the Committee during the Final Compensation Period, the hours of services performed by each such person, the rate charged by Dewey & LeBoeuf for the services of each such person, the total value of the services performed by each person and the total value of the services performed by Dewey & LeBoeuf during the Final Compensation Period.

13. A summary of the actual, out-of-pocket costs and expenses incurred by Dewey & LeBoeuf in connection with its representation of the Committee during the Final Compensation Period is annexed hereto as Exhibit "B." These costs and expenses have been incurred in accordance with Dewey & LeBoeuf's customary practice of charging clients for those expenses clearly related to and required by particular matters, rather than including such charges as part of Dewey & LeBoeuf's hourly rates.

More detailed itemization of the services performed and time spent and expenses incurred in connection with Dewey & LeBoeuf's representation of the Committee during the Final Compensation Period is provided in the time and disbursement records annexed hereto as Exhibit "C." Such records are made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Dewey & LeBoeuf's billing practices.

14. All services performed and expenses incurred by Dewey & LeBoeuf for which compensation or reimbursement is requested herein were performed or incurred for and on behalf of the Committee, and were not for any other person or entity.

**SUMMARY DESCRIPTION OF SERVICES PERFORMED
DURING THE FINAL COMPENSATION PERIOD**

15. The services provided by Dewey & LeBoeuf on behalf of the Committee during the Final Compensation Period include, but are not limited to, the following:

a. Preparation for and participation in teleconferences with the Committee, the Chapter 11 Trustee and her counsel on a variety of issues, including, but not limited to, the Plan and Disclosure Statement, and budget and fee issues;

b. Review and edit the Plan and Disclosure Statement;

c. Attend the hearing on the Disclosure Statement;

d. Attend the hearing on confirmation of the Plan;

e. Review of various pleadings and correspondence relating to the cases, and preparation of periodic memoranda and summaries to the Committee regarding the same;

5

f. Teleconferences and electronic mail with the Bermuda Liquidator, the Trustee and her counsel concerning application of remaining Bermuda funds;

g. Preparation of Dewey & LeBoeuf's twenty-fourth interim fee application;

h. Communication with the Trustee by telephone and electronic mail regarding remaining estate tax matters;

i. Communication by telephone and electronic mail with numerous unsecured creditors; and

j. Teleconferences with the Trustee and her counsel concerning timing and size of final distributions to creditors and the effective date of the Plan.

16. Dewey & LeBoeuf respectfully submits that the professional services rendered by it for and on behalf of the Committee were necessary and have contributed to the effective administration of these cases.

17. The fees sought herein largely reflect the services of senior attorneys in both New York and London specializing in United States bankruptcies and English insolvencies, whose expertise was both necessary and appropriate because of the cross-border nature of the Debtors' cases.

18. Further, Dewey & LeBoeuf has attempted to minimize disbursements and expenses sought herein to the fullest extent possible. For example, Dewey & LeBoeuf's usual per-page facsimile charge has been reduced in these cases to reflect only actual line-charges. In addition, Dewey & LeBoeuf seek no reimbursement for internal word processing costs, which

costs it ordinarily charges its clients. Dewey & LeBoeuf has voluntarily reduced its disbursements requested by $976.62 during the Final Compensation Period.

19. Dewey & LeBoeuf respectfully submits that the services rendered and expenses incurred for the Final Compensation Period for which Dewey & LeBoeuf seeks compensation and reimbursement clearly satisfy the following standards of reasonableness set forth in In re First Colonial Corporation of America, 544 F.2d 1291 (5th Cir.), reh'g denied, 547 F.2d 573, cert. denied, 431 U.S. 904 (1977):

(a) Time and labor required: Dewey & LeBoeuf expended 16.80 hours of professional and paraprofessional time on behalf of the Committee during the Final Compensation Period.

(b) Novelty and difficulty of questions and matters resolved: These cases and the legal issues presented therein have required a high level of professional skill and expertise from professionals within Dewey & LeBoeuf's New York and London corporate, insolvency and litigation groups.

(c) The reputation and skill of the attorneys providing the services: As noted above, Dewey & LeBoeuf have drawn upon the skill of one of its most experienced American bankruptcy partners in rendering its services to the Committee during the Final Compensation Period.

(d) Preclusion of other employment: Given the size of Dewey & LeBoeuf, Dewey & LeBoeuf's representation of the Committee has not precluded employment by other clients.

7

(e) <u>Fees charged and fees awarded in similar cases</u>: The fees sought by Dewey & LeBoeuf in this Application are commensurate with fees awarded to Dewey & LeBoeuf in other cases and the fees charged by comparable law firms.

(f) <u>Time limitations</u>: These cases have required Dewey & LeBoeuf to perform a variety of services and address numerous issues on behalf of the Committee, often under significant time constraints.

(g) <u>Whether the fee is fixed or contingent</u>: All fees sought by professionals under sections 330 and 331 of the Bankruptcy Code are contingent prior to their approval by the Bankruptcy Court.

(h) <u>The "undesirability" of the cases</u>: Representation of the Committee in these cases is not undesirable.

(i) <u>The results obtained</u>: Dewey & LeBoeuf respectfully submits that these complex cross-border cases were resolved in a competent and efficient matter, and that Dewey & LeBoeuf's services on behalf of the Committee, have contributed significantly to that result.

(j) <u>The Committee's and Dewey & LeBoeuf's professional relationship</u>. Dewey & LeBoeuf were first consulted by the Committee in May, 2000 and began providing services to the Committee on May 5, 2000.

20. As set forth in the Certification of Peter A. Ivanick annexed hereto as Exhibit "D," Dewey & LeBoeuf believes that the Application is in compliance with the Administrative Order of the Honorable Burton R. Lifland setting the guidelines for fees and

disbursements for professionals in bankruptcy cases in the Southern District of New York dated June 20, 1991, as amended on April 19, 1995 (the "Guidelines"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330, dated January 30, 1996. In accordance with the Guidelines, time expended by Dewey & LeBoeuf has been itemized based on each task performed on a particular day and the further breakdown of record entries where more than 10 percent of Dewey & LeBoeuf's time in the cases is expected to be spent on a particular subject matter. Dewey & LeBoeuf has voluntarily reduced its disbursements requested by $1126.62.

21. Further, Dewey & LeBoeuf has assigned the work performed in these cases to attorneys having the experience and specialization to perform the services required efficiently and properly. The partners, counsel and associates providing the services for which compensation is sought pursuant to this application specialize in the fields of insolvency law and litigation. Moreover, Dewey & LeBoeuf, as a general practice, seeks to use the services of law clerks and legal assistants supervised by attorneys whenever appropriate in order to limit costs and more efficiently utilize the services of attorneys. Dewey & LeBoeuf has followed this practice with respect to the services rendered to the Committee wherever possible.

22. Finally, in rendering services to and on behalf of the Committee, Dewey & LeBoeuf has taken every care to provide the legal services as efficiently as possible and to avoid duplication of services.

23. Dewey & LeBoeuf has not shared or agreed to share compensation or reimbursement to be awarded in these cases with any other person.

9

## ESTIMATED FEES

24. Pursuant to the Plan, Dewey & LeBoeuf's services as counsel to the Committee terminated on the Effective Date. Nevertheless, pursuant to the Bankruptcy Code and Rules, Dewey & LeBoeuf is required to prepare and file this Application. Retained professionals may be allowed reasonable compensation for the preparation of such required applications. *See In re Dana Corp.,* 2007 WL 4589331, at *29 (Bankr. S.D.N.Y. Dec. 26, 2007) (fees incurred by professionals after the plan effective date were compensable, "including fees relating to the preparation of professional fee applications.")

25. Dewey & LeBoeuf submits that $3500 is a reasonable estimate for time and expenses associated with the drafting and filing of this Application and for attendance at the final fee application hearing.

## FINAL AWARD

26. Dewey & LeBoeuf previously submitted 24 interim fee applications covering its services as counsel to the Committee from May 5, 2000 through October 31, 2009. Pursuant to these previous applications, this Court awarded Dewey & LeBoeuf $1,736,186 in fees on an interim basis. Attached hereto as Exhibit E is a summary of partners, counsel, associates and paraprofessionals who performed services on behalf of the Committee from May 5, 2000 through March 26, 2010. In addition, the Court awarded $191,202.10 in expenses on an interim basis. Attached hereto as Exhibit F is a summary of actual out-of-pocket costs and expenses incurred by Dewey & LeBoeuf on behalf of the Committee from May 5, 2000 through March 26, 2010. By this final Application, Dewey & LeBoeuf seeks entry of an order finally allowing all fees and expenses previously awarded on an interim basis.

## NOTICE

27. Notice of the relief requested herein and of the relief requested by the other professionals in their respective applications for allowance of compensation has been served by counsel to the Liquidating Trustee, and Dewey & LeBoeuf will have personally served copies of the Application with exhibits on the Liquidating Trustee and the United States Trustee.

28. This application raises no novel issues of law. Accordingly, Dewey & LeBoeuf respectfully requests that the Court dispense with the requirement of Local Bankruptcy Rule 9013-1(b) concerning submission of a separate memorandum of law.

29. No prior application has been made to this or any other Court for the relief requested herein.

**WHEREFORE**, Dewey & LeBoeuf respectfully requests an order:

a. approving the allowance of $11,095.00 for compensation for professional services rendered by Dewey & LeBoeuf during the Final Compensation Period;

b. approving the reimbursement of Dewey & LeBoeuf's actual, out-of-pocket expenses for the Final Compensation Period in the amount of $898.79;

c. approving the allowance of $3500 in Estimated Fees;

d. authorizing and directing the Liquidating Trustee to pay Dewey & LeBoeuf's allowed fees and expenses for the Final Compensation Period and the Estimated Fees; and

e. Finally allowing the fees and expenses set forth in subparagraphs (a-c) above together with all previously awarded fees in the amount of $1,736,186.00 and all previously awarded disbursements in the amount of $191,202.10; and

f. granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 13, 2010

Respectfully submitted,

DEWEY & LeBOEUF LLP
Counsel to the Official
Committee of Unsecured Creditors

By: /s/ Peter A. Ivanick_____
Peter A. Ivanick (PI-1702)
1301 Avenue of the Americas
New York, New York 10019-6022
(212) 259-8000